IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YVONNE M.                                *

      v.                                     *    Civil Case No. 18-2034-RDB

                                      *

COMMISSIONER, SOCIAL SECURITY     *

                                     *************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). Plaintiff Yvonne M., who appears *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF 1. I have considered the Motions for Summary Judgment filed by both parties, Plaintiff's two replies (because she believed her first reply had been lost in the mail), and the additional medical records Plaintiff filed. ECF 14, 15, 18, 21, 23, 24. This Court must uphold the SSA's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, I recommend that the SSA's motion be denied, the decision of the SSA be reversed in part, and the case be remanded to the SSA for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Plaintiff filed her applications for DIB and SSI on April 5, 2012, alleging a disability onset date of July 1, 2011. Tr. 162-74. Her claims were denied initially and on reconsideration. Tr. 98-102, 108-11. A hearing was held on September 16, 2014, before an Administrative Law Judge ("ALJ"). Tr. 31-61. Following the hearing, on December 18, 2014, the ALJ determined that Ms. Miles was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 9-30. The Appeals Council denied Ms. Miles's request for review, Tr. 1-6, but on November 23, 2016, this Court remanded Plaintiff's case to the Commissioner for further evaluation. Tr. 533-37. An ALJ held a second hearing on September 19, 2017. Tr. 444-83. Following that hearing and the receipt of additional medical evidence, on February 7, 2018, the ALJ again issued an opinion denying benefits. Tr. 542-75. The Appeals Council denied review, Tr. 436-41, so the ALJ's 2018 decision constitutes the final, reviewable decision of the SSA.

In that opinion, the ALJ found that Plaintiff suffered from the severe impairments of:

> Cervical and Lumbar Degenerative Disc Disease, Obesity, Arthritis, Degenerative Joint Disease of the Knees, Carpal Tunnel Syndrome, Pelvic Floor Dysfunction, Major Depressive Disorder, Panic Disorder, Adjustment Disorder with Depressed Mood and Anxiety.

Tr. 548. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she requires the option to change positions from sitting to standing every 30 minutes at the work station, and can perform occasional stooping, crouching, kneeling, crawling, balancing and climbing stairs and ramps, no climbing ladders, ropes or scaffolds and frequent fingering, handling and feeling bilaterally. She can understand, remember and carry out simple instructions and can perform simple, routine tasks in a work environment free of fast-paced production requirements, can remain on task with scheduled breaks, must have low stress, defined as no independent decision making required and occasional changes in work setting and can have occasional required interaction with the public, supervisors and co-workers.

Tr. 551. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work, but could perform other jobs existing in significant numbers in the national economy. Tr. 564-65. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 565-66.

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, while substantial evidence supports most of the ALJ's decision, the analysis is legally deficient in a limited respect defeating adequate judicial review. Accordingly, I recommend remand.

At step one, the ALJ ruled in Plaintiff's favor, finding that she had not engaged in substantial gainful activity since her alleged onset date. Tr. 548. At step two, the ALJ found the severe impairments listed above, and also found a number of other impairments to be nonsevere. *Id.* At step three, the ALJ determined that Plaintiff's impairments did not meet, or medically equal, the criteria of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2018). Tr. 548-51. The ALJ specifically considered Listings 1.02, 1.04, 4.12, 12.04, and 12.06. *Id.* The ALJ reviewed the criteria of each listing, and discussed which criteria were absent from the medical evidence. *Id.* In determining Plaintiff's RFC assessment for use in steps four and five, the ALJ summarized Plaintiff's allegations from her testimony and function reports regarding her inability to perform work activity, and considered evidence from her friend, Seanetta Williams, who provided testimony at the hearing. Tr. 551-53. The ALJ then engaged in an extensive review

of the medical records, Tr. 553-59, and evaluated and assigned weight to the relevant medical opinions, Tr. 561-64.

The ALJ's written decision is, for the most part, extremely thorough, and supports its findings with substantial evidence. Plaintiff's argument, generally, is that the medical evidence should weigh in favor of a finding of disability, but the function of this Court is not to review Plaintiff's claims *de novo* or to reweigh the evidence of record. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (citing 42 U.S.C. § 405(g); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)). Rather, this Court is to determine whether, upon review of the whole record, the SSA's decision is supported by substantial evidence and a proper application of the law. *See* 42 U.S.C. § 405(g); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

On one point, however, I am unable to find a proper application of the law, due to the Fourth Circuit's recent opinion in *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019). In correcting the error under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), that required remand of the initial ALJ opinion in Plaintiff's case, the ALJ's 2018 decision limited Plaintiff, in relevant part, to a "work environment free of fast-paced production requirements." Tr. 551. The law in this area continues to evolve, and in *Thomas*, the Fourth Circuit held that the ALJ's failure to define "production rate or demand pace" was fatal to the RFC assessment, because the lack of a clear definition of that phrase frustrated appellate review. 916 F.3d at 312-13; *see also Perry v. Berryhill*, No. 18-1076, ___ F. App'x ___, 2019 U.S. App. LEXIS 6969 (4th Cir. Mar. 8, 2019) (unpublished). Similarly, in Plaintiff's case, the ALJ provided no definition of a "work environment free of fast-paced production requirements" or any of the relevant components of that phrase. *See* Tr. 551, 562, 563, 478. The term "fast-paced production requirements" is directly analogous to the term deemed problematic in *Thomas*, particularly because, as this Court has

4

previously noted, "Different individuals can have different conceptions of what work is or is not 'fast.'" *Crocetti v. Comm'r. Soc. Sec.*, Civil No. SAG-17-1122, 2018 U.S. Dist. LEXIS 95697, at *3 (D. Md. June 6, 2018). Without further explanation of the meaning of that term, then, I am unable to engage in effective appellate review as described in *Thomas*, and I therefore recommend remand. If the case is ultimately remanded, the ALJ should ensure that the RFC assessment and related analysis comports with the requirements of *Thomas*, in addition to considering any new medical evidence submitted by Plaintiff.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment, ECF 21, and Plaintiff's Motion for Summary Judgment, ECF 14;

2. the Court REVERSE IN PART the SSA's decision under sentence four of 42 U.S.C. § 405(g); and

3. the Court order the Clerk to REMAND the case to the SSA for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging

on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated: May 09, 2019                                    /s/
                                               Stephanie A. Gallagher
                                               United States Magistrate Judge